## Gilligan v. Portland Building & Loan Association.

(Decided July 26, 1932.)

DAVIS W. EDWARDS for appellant.

H. M. PECKINPAUGH and L. F. SPECKMAN for appellee.

BRUCE & BULLITT, D. L. STREET, HICKMAN & WITHERS, L. A. HICKMAN, L. FRANK WITHERS, and IRVIN MARCUS, amici curiae.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming on appeal and reversing on cross-appeal.

A part of chapter 12, page 40 (section 1), Session Acts of 1932, amended section 861 of Carroll's Kentucky Statutes, 1930 Edition, so as to permit Kentucky building and loan associations to borrow money in certain contingencies and to pledge its securities in the form of notes and mortgages of its borrowing stockholders to secure the loan. Certain restrictions are contained in the act, but it is conceded that they were complied with by the appellee and defendant Portland Building & Loan Association and that a due and formal application was made by the board of directors to the Federal Reconstruction Finance Corporation, recently created by the United States Congress for a loan of $400,000 to be secured in compliance with the terms of the 1932 act and the proceeds to be appropriated to pay off unmatured shares pledged to the corporation after due and proper application therefor by the stockholders. Also to pay off pledged shares that are matured whether paid for by installment dues or in full at the time of issuance; to pay dividends to stockholders which had been earned and created and the property value of which was in the possession of the corporation but not represented by cash; to lend to members pursuant to applications therefor and secured as the charter directs in the prosecution of the company's business; and to pay taxes, insurance, and apportionment warrants on real estate owned by the company or mortgaged to it where the mortgagor

was unable to defray such expenses. The arrangement for the loan was completed, but before it could be carried out the appellant and plaintiff, Catherine Gilligan, a stockholder in defendant, filed this declaratory judgment action against it in the Jefferson circuit court to enjoin it from borrowing money, or appropriating the proceeds for any of the purposes indicated, upon the ground that to do so would be ultra vires and not authorized by the 1932 statute or by any other law. Responsive pleadings and motions made the issues and a stipulation of facts was filed, followed by a submission of the case to the court, and it adjudged that defendant could borrow the money under the provisions of the 1932 act and appropriate the proceeds for all of the purposes that it proposed to do, except it had no power to make any appropriation for the purpose of paying off any matured shares of any of the stockholders not pledged for the payment of any indebtedness to it, or to take up any unmatured shares upon request of a stockholder after he had compiled with the building and loan statutes of this commonwealth to obtain that benefit. The judgment enjoined defendant from appropriating any of the borrowed sum for any such latter purposes, but declined to enjoin it from devoting the proceeds to any of the other contemplated purposes. From that judgment plaintiff prosecutes this appeal, and defendant by motion has obtained a cross-appeal from that part of the judgment enjoining it from retiring any of its stock, matured or unmatured, after the holder has complied with the statutes creating such right and conferring the authority to grant and perform it.

It is our conclusion that the court was correct in denying the injunction restraining defendant from obtaining the loan and in declining to restrain it from appropriating the proceeds to any of the purposes that the court allowed it to do in its judgment, but we are equally convinced that the court erred in adjudging that defendant did not possess the right to appropriate any of such proceeds to the retirement of its stock either matured or unmatured, or howsoever procured and paid for, after the charter and statutory requisites had been complied with by the stockholder so as to mature his right for such demands. It is as much a business necessity for the corporation, if solvent, to discharge those obligations after compliance by the stockholder with all legal requisites, as it is to meet any other obligation

arising from the proper conducting of the corporate business, and it is our conclusion that the judgment, to the extent that it granted the injunction prayed for, was and is erroneous, but in all other respects it was proper.

In arriving at the above conclusion it is not necessary to determine that the corporate obligation to a stockholder, after due application is made by him for the cash value of the stock between that time and payment to him, is the same as that of a technical creditor of the corporation. That question does not arise from the facts presented by the record, since it is not shown that the defendant corporation is insolvent, nor is there presented any fact calling for the application of superior equities in favor of creditors other than the claims of applying stockholders. The true doctrine seems to be that a stockholder in making the application for the cash surrender value of his stock, whether matured or unmatured, does not thereby and ipso facto become an unqualified creditor of the corporation, but only a qualified one, retaining between that time and payment to him all the rights of a stockholder and burdened with all the obligations of one. Such was, in effect, the holding of this court in the case of Manheimer v. Henderson Building & Loan Association, Assignee (Ky.) 72 S. W. 313, 24 Ky. Law Rep. 1816, and other cases therein cited. See, also, to the same effect, the cases of Simsohn v. Southern Cooperative Building & Loan Association, 15 D. & C. (Pa.) 329 and Christian's Appeal, 102 Pa. 184, and the English cases of Sibun v. Pearce, L. R. 44 Ch. Div. 354, 63 L. T. N. S. 123, 38 Week. Rep. 658; Huckle v. Wilson, L. R. 2 C. P. Div. 410, 26 Week. Rep. 98; and Walker v. General Mut. Invest. Bldg. Soc., L. R. 38 Ch. Div. 777, 57 L. T. N. S. 574, 52 J. P. 278.

The application for withdrawal, when properly made, while creating certain rights in the applying stockholder and certain obligations on the part of the corporation, does not destroy the status of the stockholder in the corporation until his demand is paid, and during such time his status may not inappropriately be designated as a quasi creditor with his retained rights and obligations as a stockholder, and also with the burden of having his claim subordinated to the payment of other contract creditors of the corporation if it is insolvent. However, we repeat, no such questions are presented by the record, and the merits of the case are not affected by them.

Wherefore, the judgment is affirmed on the appeal, but it is reversed on the cross-appeal, with directions to render one in conformity with this opinion.